# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Civil Action No. 2017-0029 |
| **BEATRICE YORK,** ) **ESTATE QUESTA VERDE TOWNHOMES,** ) **UNITED STATES DEPARTMENT** ) **OF THE TREASURY –** ) **INTERNAL REVENUE SERVICE,** ) ) | |
| **Defendants.** ) ) | |

**Attorneys:**

**Matthew R. Reinhardt, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Charles Edward Lockwood, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Estate Questa Verde Townhomes*

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendant United States Department of the Treasury - Internal Revenue Service*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on a "Motion for Default and Summary Judgment" ("Motion") filed by Plaintiff Newrez d/b/a Shellpoint Mortgage Servicing ("Plaintiff") against Defendants Beatrice York ("York"), Estate Questa Verde Townhomes ("Questa Verde"), and the United States Department of the Treasury-Internal Revenue Service ("IRS").[1] (Dkt. No. 81). For

---

[1] The default judgment portion of the Motion is directed against York, and the summary judgment portion is directed against Questa Verde and the IRS.

the reasons discussed below, the Court will grant Plaintiff's Motion.

## I.   BACKGROUND

On December 2, 2016, Plaintiff's predecessor in interest, Ditech Financial LLC ("Ditech"), filed a Complaint in the Superior Court of the Virgin Islands against York, Questa Verde, and the IRS for a debt owed and foreclosure of a mortgage on real property. (Dkt. No. 1-1). On June 5, 2017, the IRS removed the action to this Court pursuant to 28 U.S.C. § 1444. (Dkt. No. 1).

In the Complaint, Plaintiff alleges that York executed and delivered a Note on July 22, 2002 in which she promised to pay Coastal Financial Company, LLC ("Coastal"), the principal amount of $80,000, together with interest at the rate of 7.125% per annum, in equal monthly payments of $538.97. (Dkt. No. 1-1 at ¶ 7). As security for payment on the Note, York executed a Mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Coastal. *Id.* at ¶ 9. The Mortgage placed a lien on real property described as:

> Condominium Unit No. D-25 in Estate Questa Verde Townhouses, a Condominium established at Plots 11, 12, and 13 Estate Hermon Hill, St. Croix, U.S. Virgin Islands, according to Declaration of Condominium dated June 26, 1967 and recorded June 30, 1967 as Doc. No. 1761-1765 in PC 64-M, Page 208, and as subsequently amended; together with a 1.22367% undivided interest in the common areas and facilities appurtenant to the Condominium

(the "Property"). *Id*. The Complaint further alleges that the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix ("Recorder") on July 27, 2004. *Id.* at ¶ 10. Coastal assigned its interest in the Note and Mortgage to Ditech on August 15, 2016 and such Assignment was recorded with the Recorder. *Id.* at ¶ 11. Ditech then assigned the Mortgage to Plaintiff on February 27, 2020. (Dkt. No. 82-6).

The Complaint further alleges that beginning on March 1, 2011, York defaulted under the terms of the Note and Mortgage by failing to pay the monthly installment of principal and interest. *Id.* ¶ 13. By correspondence dated April 14, 2011, Plaintiff gave notice of default to York advising

that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (Dkt. No. 15-1). Following York's failure to cure the default, Plaintiff declared as due and payable the entire unpaid principal sum along with interest and other charges. (Dkt. No. 1-1 at ¶ 17).

Plaintiff seeks, *inter alia*, judgment in its favor and against Defendant York awarding the principal balance and interest due and payable as of the date of Judgment and thereafter; providing for the recovery of attorneys' fees and costs incurred by Plaintiff; ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff; and foreclosing on all liens. *Id.* at 6-7.

Following the occurrence of natural disasters in the U.S. Virgin Islands, on October 6, 2017, Plaintiff filed a Motion to Stay to comply with the Robert T. Stafford Disaster Relief and Emergency Assistance Act. (Dkt. No. 16). After several extensions of the stay, the Magistrate Judge lifted the stay on June 6, 2018. (Dkt. No. 30).

On April 15, 2020, the Magistrate Judge granted Plaintiff's Motion for Substitution of Party requesting that Plaintiff be substituted for Ditech. (Dkt No. 54). Thereafter, on July 7, 2020, Plaintiff filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with Federal Housing Authority-insured Single Family Mortgages due to the impact of the COVID-19 pandemic. (Dkt. Nos. 58, 58-1). Following several extensions of the stay at the behest of Plaintiff, the Magistrate Judge lifted the stay on July 29, 2021. (Dkt. No. 77).

On November 1, 2021, Plaintiff filed a Motion for Default Judgment and a Motion for Summary Judgment, together with a Memorandum of Law and accompanying documents. (Dkt. No. 82). In the Memorandum of Law, Plaintiff argues that the procedural elements for default judgment against York are met because York was properly served with the copy of the Summons and Complaint but failed to appear in this action. (Dkt. No. 82 at 8-9). Plaintiff then filed an

3

Updated Affidavit of Indebtedness ("Updated Affidavit"). (Dkt. No. 96-1). In the Updated Affidavit, Sofia Pacheco ("Pacheco"), Document Verification Specialist at Plaintiff, attests that she has personal knowledge of the documents executed by York, which are maintained as part of Plaintiff's business records. *Id.* at ¶¶ 2, 3. Pacheco also attests that the following amounts are due as of September 16, 2023: a principal balance of $73,647.45; accrued interest from February 1, 2011 to September 16, 2023 of $66,244.93; taxes of $1,512.52; insurance of $3,514.93; corporate advances of $8,308.00; late charges of $1,024.10; and escrow balance at loan transfer of $5,307.36, for a total indebtedness of $159,559.29. *Id.* at ¶ 8. To date, York has not responded to the Motion for Default Judgment.

With respect to summary judgment, Plaintiff asserts that its lien is senior and superior to Questa Verde's condominium liens and the IRS' tax lien. *Id.* at 10. Accordingly, Plaintiff argues that it is entitled to summary judgment against Questa Verde and the IRS with regard to the priority of the liens. In addition, Plaintiff, Questa Verde, and the IRS filed a Stipulation stating that Questa Verde's condominium liens and the IRS' tax lien are subordinate to Plaintiff's Mortgage.[2] (Dkt. No. 94).[3]

---

[2] Title 28, Section 922, Subsection A of the Virgin Islands Code states, in part, that, "[a]ll sums assessed by the Association of Apartment Owners but unpaid for the share of the common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except only (i) tax liens on the apartment in favor of the Government of the United States Virgin Islands, and (ii) all sums unpaid on a first mortgage of record."

[3] In the Stipulation, Plaintiff, Questa Verde, and the IRS also requested that the Court waive the statutory mediation requirement provided by 28 V.I.C. § 531. (Dkt. No. 94 at 3). Because the Court finds, as the parties have agreed, that Plaintiff's lien is a first priority lien and the parties have conferred and agreed to the terms of the Stipulation, the Court accepts the parties' Stipulation herein.

4

## APPLICABLE LEGAL PRINCIPLES

### A.    Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See J&J Sports Prods., Inc. v. Ramsey,* 757 F. App'x 93, 95 (3d Cir. 2018) (noting that "a party in default does not admit mere conclusions of law") (internal citation omitted); *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (citing *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.2005)) ("the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment."); Fed. R. Civ. P. 8(b)(6), Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Planet Home Lending, LLC v. Henry*, Civil Action No. 2020-0116, 2024 WL 2292582, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *Talley v. Griesmer,* No. 19-3796, 2023 WL 3002742, at *2 (3d Cir. Apr. 19, 2023*)* (citing *Chamberlain,*

210 F.3d at 164). The *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Id.*

B. **Summary Judgment**

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Williams v. Sec'y Pennsylvania Dep't of Corr.,* 117 F.4th 503, 514 (3d Cir. 2024) (citing Fed. R. Civ. P. 56(a)). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Pursuant to Rule 56(e), a non-moving party is required to establish facts which show the existence of a genuine issue for trial. This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal quotations and citations omitted). "[I]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Id.* (emphasis in original).

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *Hooker v. Novo Nordisk Inc.*, No. 20-1427, 2021 WL 3087786, at *2 (3d Cir. July 22, 2021) (citing *Brewer v. Quaker State Oil Refin. Corp.*, 72 F.3d 326, 330 (3d Cir. 1995)). The role of the court is to "determine whether there is a genuine issue for trial." *Conboy v. United States Small Bus. Admin.,* 992 F.3d 153, 160 (3d Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Newrez LLC v. Kaiser*, Civil Action No. 2017-0025, 2023 WL 4953168, at *4 (D.V.I. Aug. 3, 2023) (citing *Flagstar Bank, FSB v. Lyles*, Civil Action No. 2014-0105, 2017 WL 987448, at *3 (D.V.I. Mar. 14, 2017)).

### III.   DISCUSSION

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### A.   Default Judgment against Defendant York

The factual allegations of the Amended Complaint and the Motion for Default Judgment, as supported by the accompanying documents, set forth all the necessary elements to entitle Plaintiff to judgment against Defendant York. Plaintiff has provided evidence to establish the elements of its foreclosure action against York. Specifically, Plaintiff has shown that: (1) York executed and delivered a promissory note and mortgage dated July 22, 2002 (Dkt. Nos. 82-4, 82-

7

5); (2) Plaintiff's predecessor in interest, Ditech, transferred its interests in the subject Mortgage to Plaintiff via an Assignment of Mortgage dated February 27, 2020 (Dkt. No. 82-6 at 1); (3) York is in default under the terms of the Note and the Mortgage (Dkt. No. 82-8); and (4) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property (Dkt. No. 82-5 at ¶ 22). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against York. It has properly shown that: (1) York was validly served with process (Dkt. No. 48); (2) York has not appeared in this action; (3) default was entered against York by the Magistrate Judge on July 30, 2019 (Dkt. No. 51); and (4) York is not an infant nor an incompetent person (Dkt. No. 82-9 at 1 at ¶¶ 5,6). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that York is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 82-9 at 3-4).

Plaintiff has also shown with specificity how it calculated the amount due on the account by providing the Updated Affidavit signed by Pacheco and supporting documentation. (Dkt. No. 96-1). The Court finds that the following amounts are due: a principal balance of $73,647.45; accrued interest from February 1, 2011 to September 16, 2023 of $66,244.93; accrued interest from September 17, 2023 through the date of entry of Judgment of $7,779.58[4]; taxes of $1,512.52;

---

[4] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $14.38 from September 17, 2023 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $14.38 per diem rate *x* 541 days = $7,779.58.

insurance of $3,514.93; corporate advances (property inspections, loan boarding costs, and late charges) of $1,809.10[5]; and escrow balance at loan transfer of $5,307.36, for a total indebtedness of $159,815.87.

Finally, Plaintiff has argued, and the Court has considered, the *Chamberlain* factors. The Court finds that the prejudice to Plaintiff resulting from York's breach of her contractual obligations, together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, despite being served with a copy of the Summons and Complaint, York has failed to appear and raise any defenses in this matter. In addition, York's culpable conduct is evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that entry of default judgment against Defendant York is warranted.

### B. Summary Judgment against Defendants Questa Verde and IRS

Plaintiff also moves for summary judgment against Questa Verde and the IRS. (Dkt. No. 82). Questa Verde and the IRS did not file an Opposition to Plaintiff's Motion, but filed a Stipulation along with Plaintiff stipulating to the priority of liens. (Dkt. No. 94).

---

[5] In its Notice of Filing attached to the Updated Affidavit, Plaintiff requests a new corporate advances amount, noting that it has excluded the amount of attorneys' fees and costs included in the corporate advances sum in the Updated Affidavit and that it will seek those sums after the entry of Judgment. (Dkt. No. 96).

Plaintiff argues that there is no genuine issue of material fact that Plaintiff's Mortgage lien is senior to Questa Verde's condominium liens and the IRS' tax lien. (Dkt. No. 104 at 7). Generally speaking, the Virgin Islands is a race notice jurisdiction. *Brodhurst v. Frazier*, 2012 WL 8123137, at *4 (V.I. Sept. 12, 2012); 28 V.I.C. § 124. This means that "as between competing parties[,] the interest of the party who first records the instrument will prevail.'" *Moco Instruments, Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010) (citation omitted).

However, with regard to determining the priority of liens where condominium liens are involved, the relevant statute, 28 V.I.C. § 922(a), states, in part:

> All sums assessed by the [condominium association] but unpaid for the share of the common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except only (i) tax liens on the apartment in favor of the Government of the United States Virgin Islands, and (ii) all sums unpaid on a *first mortgage of record*.

28 V.I.C. § 922(a) (emphasis added).

Accordingly, because Plaintiff's Mortgage is a first mortgage of record, the Court finds that Plaintiff's lien has priority over Questa Verde and the IRS' liens. Thus, Plaintiff has a first priority lien on the Property and Questa Verde's and the IRS' liens may be foreclosed.[6] Therefore, the Court will grant summary judgment in favor of Plaintiff on its claim of lien priority over Questa Verde and the IRS. The Court also determines the priority of the liens as follows: Plaintiff's Mortgage recorded on July 27, 2004 on the Property is a first priority lien; Questa Verde's condominium liens recorded on February 23, 2010, December 29, 2010, January 3, 2012, and

---

[6] Under Virgin Islands law, "[w]hen a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest[,] such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property." 28 V.I.C. § 533.

10

August 20, 2015 are second, third, fourth, and fifth priority liens, respectively; and the IRS' tax lien recorded on March 26, 2014 is a sixth priority lien.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Newrez d/b/a Shellpoint Mortgage Servicing's "Motion for Default Judgment" (Dkt. No. 82) against Defendant Beatrice York. Accordingly, the Court will award Judgment in favor of Plaintiff in the amount of $159,815.87 consisting of a principal balance of a principal balance of $73,647.45; accrued interest from February 1, 2011 to September 16, 2023 of $66,244.93; accrued interest from September 17, 2023 through the date of entry of Judgment of $7,779.58; taxes of $1,512.52; insurance of $3,514.93; corporate advances (property inspections, loan boarding costs, and late charges) of $1,809.10; and escrow balance at loan transfer of $5,307.36. The total indebtedness of $159,815.87 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

The Court will also grant Plaintiff's "Motion for Summary Judgment" in favor of Plaintiff and against Defendants Estate Questa Verde Townhomes and United States Department of the Treasury-Internal Revenue Service. The Court finds that Plaintiff's Mortgage recorded on July 27, 2004 on the Property is a first priority lien; Questa Verde's condominium liens recorded on February 23, 2010, December 29, 2010, January 3, 2012, and August 20, 2015 are second, third, fourth, and fifth priority liens, respectively; and the IRS' tax lien recorded on March 26, 2014 is a sixth priority lien.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 10, 2025 _____/s/_____
                                                                    WILMA A. LEWIS
                                                                    District Judge